IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-01119 |
| | ) | |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| BEVERLY SANDLER, | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, Jane Doe ("Plaintiff"), by her attorneys, submits this memorandum in support of her Motion for Temporary Restraining Order against defendant, Beverly Sandler ("Defendant").

**I. Introduction**

This action is brought to enjoin Defendant from disseminating private facts and explicit, nude photographs and video of Plaintiff. Defendant has already publicly disclosed private facts about Plaintiff and has threatened imminent further disclosure. Unless Defendant is immediately enjoined, Plaintiff will be irreparably injured.

**II. Background**

    A. **The Explicit Materials**

Plaintiff is a professional woman who owns and operates a successful business in St. Louis, Missouri. Plaintiff is active in community and religious organizations and is well-regarded in her community.

Richard Roe is a resident of Skokie, Illinois. Plaintiff has known Roe for approximately thirty years. In September 2010, Plaintiff entered into an extramarital, romantic and intimate relationship with Roe. During the course of that relationship, Roe took explicit, intimate, nude

photographs ("Photographs") and a video ("Video") of Plaintiff in sexual situations (collectively "the Explicit Materials") for the private use of Roe and Plaintiff. Roe and Plaintiff agreed that the Explicit Materials would not be disclosed to others, to be seen only by Roe and Plaintiff. Roe kept the Explicit Materials on his personal computer.

  B.  **Defendant's Misappropriation of the Explicit Materials and Threats to Make Them Public**

During the course of Roe's relationship with Plaintiff, Defendant was apparently also involved in a relationship with Defendant. On or about February 13, 2011, Defendant discovered Plaintiff's relationship with Roe. Defendant accessed the Explicit Materials on Roe's computer and made copies of them. Since them, Defendant has made public private facts regarding Plaintiff's relationship with Roe, and has threatened to further do so in the immediate future, including:

- On February 13, 2011, Defendant telephoned Plaintiff and threatened to tell Plaintiff's husband about Plaintiff's relationship with Roe.

- On February 14, 2011 at 1:02 a.m., Defendant sent Plaintiff an email with three of the Photographs attached. Defendant wrote in that email: "what should we do with these pictures? … I'm sure your husband would be interesting [sic] in seeing them."

- Defendant threatened to disseminate the Explicit Materials and demanded that Roe pay her $50,000 not to do so. Roe initially agreed to pay Defendant $50,000. In response, at 8:47 a.m. on February 14, 2011, Defendant sent an email to Roe and Plaintiff in which Defendant stated: "$50,000. [sic] will be the first payment this Sunday…. I want $500,000.00. Get the rest from [Plaintiff] or I will contact her husband."

- At 9:25 a.m. on February 14, 2011, Defendant sent another email to Roe and Plaintiff in which Defendant stated: "you will give me the $50,000. [sic] this Sunday. I will deal with her separate [sic]…. I'm not fooling around."

- Around mid-day on February 14, 2011, Defendant called Plaintiff's husband and told him details about Plaintiff's relationship with Roe.

- On the evening of February 14, 2011, Defendant posted details about Plaintiff and the Photographs to her Facebook account.

- On February 15, 2011 at 9:20 a.m., Defendant sent another email to Plaintiff in which she wrote: "I have a nice video of you to show your husband and children…. Where do you suggest I send it?"

- That same morning, Defendant sent another email to Plaintiff stating: "You are both going down."

- On February 17, 2011 at 4:51 a.m., Defendant sent another email to Plaintiff in which she pasted a hyperlink to an article relating to a community and religious organization in which Plaintiff is involved. Defendant wrote: "sending out your pictures and video…So many places to send them to!"

C. **The Claim**

In her Verified Complaint, Plaintiff asserts a claim for invasion of privacy based on public disclosure of private facts

### III. Argument

In order to obtain a temporary restraining order, the moving party must show that it: (1) has a better than negligible chance of prevailing on the merits; (2) has no adequate remedy at law; and (3) will suffer irreparable harm if the injunction is not granted. Storck U.S.A. L.P. v. Farley Candy Co., 14 F.3d 311, 314 (7th Cir. 1994); Artipresent GmbH International Collectionen fur den Wohnbereich. No. 97 C 5130, 1997 U.S. Dist. LEXIS 12923 at *3 (N.D. Ill. August 26, 1997) (Conlon, J.). If the movant meets this burden, the court must then balance the harm to the movant if the injunction is not issued against the harm to the defendant if it is issued and consider the public interest. Id.

3

As demonstrated below, all of the requirements for a temporary restraining order are met here.

### A. Plaintiff Has A Strong Likelihood Of Prevailing On The Merits Of Its Claim.

Plaintiff seeks a temporary restraining order pursuant to her claim for public disclosure of private facts. Illinois court have recognized that tort and have used the definition found in the Restatement (Second) of Torts, § 652(D). To state a cause of action, the plaintiff must show that (1) public disclosure was made, (2) of private facts, (3) that the public disclosure represents an intrusion on privacy which would be objectionable or highly offensive to a reasonable person, and (4) that the matter disclosed was not of legitimate concern to the public. *Miller v. Motorola, Inc.*, 202 Ill. App. 3d 976, 560 N.E.2d 900, 902 (1st Dist. 1990). Plaintiff has a strong likelihood of proving each of these elements.

First, Defendant has made and threatens to make a public disclosure. "An invasion of a plaintiff's right to privacy is important if it exposes private facts to a public whose knowledge of those facts would be embarrassing to the plaintiff. Such a public might be the general public, if the person were a public figure, or a particular public such as fellow employees, club members, church members, family, or neighbors, if the person were not a public figure." *Miller v. Motorola*, 202 Ill. App.3d 976, 980-981, 560 N.E.2d 900 (1st Dist. 1990) ("Plaintiff's allegation that her medical condition was disclosed to her fellow employees sufficiently satisfies the requirement that publicity be given to the private fact."). In this case, in addition to Defendant's posting on the Internet through her Facebook account, Defendant has made and threatened to make disclosure to Plaintiff's family and to members of a community and religious organization in which Plaintiff is a member.

4

Second, Defendant has made and threatens to make a disclosure of "private facts." Illinois cases addressing the question of publication of private facts have held that private facts are "intimate personal facts," such as health issues and sexual relationships. *Johnson v. K Mart Corp.*, 311 Ill. App.3d 573, 578-79, 723 N.E.2d 1192, 1196 (1st Dist. 2000) ("[T]he facts at issue were clearly private. They included such things as employees' family matters, health problems, and sex lives."). Here, facts concerning Plaintiff's intimate relationship with Roe and, most importantly, the Explicit Materials, clearly constitute "intimate personal facts."

Third and fourth, the unauthorized publication of the Explicit Materials and details concerning Plaintiff's sex life would clearly "be objectionable or highly offensive to a reasonable person" and "not of legitimate concern to the public."

In sum, Plaintiff has established a likelihood of her success on the merits based on the facts regarding Defendant's prior and threatened publication of the Explicit Materials and intimate details about Plaintiff's sex life to Plaintiff's family and to members of a community and religious organizations in which Plaintiff is a member.

    **B.**     **Plaintiff Is Facing Irreparable Injury And Has An Inadequate Legal Remedy.**

This case presents a classic irreparable injury with inadequate remedy at law because it Defendant's actions and threatened actions have caused and will cause Plaintiff great emotional suffering, embarrassment, loss of reputation in her community, and loss of relationship which may not be repaired.

    **C.**     **The Balance Of Harms and Interests Favors Granting A Preliminary Injunction.**

In contrast to the irreparable injury Plaintiff has suffered and will suffer if Defendant is not enjoined, there will be no harm to Defendant if she is ordered to not disclose private facts

5

about Plaintiff.

## IV. <u>Conclusion</u>

For these reasons, it is appropriate for the Court to enter a temporary restraining order prohibiting Defendant from disclosing to the public private facts about Plaintiff and in particular from disseminating the Explicit Materials.

Respectfully submitted,

/s/ Marshall L. Blankenship_____
One of the attorneys for plaintiff, Jane Doe

Marshall L. Blankenship
James D. Adducci
ADDUCCI, DORF, LEHNER,
 MITCHELL & BLANKENSHIP, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601-7524
(312) 781-2800