IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:11-cv-01119 |
| | ) |
| v. | ) Judge Ronald A. Guzman |
| | ) |
| BEVERLY SANDLER, | ) Magistrate Judge Sidney I. Schenkier |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiff, Jane Doe ("Plaintiff"), by her attorneys, submits this memorandum in support of her Motion for Entry of Consent Decree and, specifically, to address the Court's concerns about Plaintiff's request that the Consent Decree be filed under seal and that Plaintiff be permitted to remain anonymous.

### I. Background

By this action, Plaintiff seeks to enjoin Defendant from disseminating private facts and explicit photographs and video of Plaintiff. Plaintiff filed this action under the pseudonym of Jane Doe so as not to add to the harm caused by Defendant's actions. Following the Court's entry of a temporary restraining order, the parties negotiated a settlement of this dispute. As part of that settlement, the parties agreed to the entry of a Consent Decree which would prohibit Defendant from distributing images of Plaintiff and from making communications concerning Plaintiff or her personal or sexual relationships.

The parties further agreed in their proposed Consent Decree that the Consent Decree would be filed under seal. On February 25, 2011, when Plaintiff presented her Motion, the Court raised the issue of the propriety of filing the Consent Decree under seal (and of keeping currently

sealed documents under seal) and asked Plaintiff to address that issue.

## II. Argument

As the Fifth Circuit stated in *Doe v. V. J. Stegal*, 653 F.2d 180, 185 (5th Cir. 1981), the

> equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical. The public right to scrutinize government functioning… is not so completely impaired by a grant of anonymity to a party as it is by close of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.

Indeed, "the public loses nothing when a plaintiff is allowed to proceed pseudonymously but all the other facts and circumstances of the case remain in view." Ressler, Jayne S., "Privacy, Plaintiffs and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age", 53 Kan. L. Rev. 195, 219 (Oct. 2004).

Accordingly, the "presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff… exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). While there is "no hard and fast formula for ascertaining whether a party may sue anonymously", *Stegal*, 653 F.2d at 186, the courts have identified a number of factors to consider in determining whether a plaintiff's interest in privacy outweighs the presumption in favor of public identification of litigants. Those factors include whether the plaintiff would be required to disclose information of the utmost intimacy; whether the plaintiff would risk suffering injury if identified; whether the party defendant against a suit brought under a pseudonym would be prejudiced; whether the plaintiff is challenging governmental activity; and whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Doe v. Wolowitz*, Case No. 01-73907, 2002 U.S.

Dist. LEXIS 10431 (E.D. Mich. May 28, 2002).

Here, while Plaintiff admittedly is not challenging governmental activity or risking criminal prosecution, the other factors weigh in favor of privacy. First, the very essence of the lawsuit deals with matters of "utmost intimacy", namely Plaintiff's extramarital affair and explicit photographs and video of Plaintiff. The images of Plaintiff and details of her sex life are personal and private. *Plaintiff B v. Francis*, No. 10-10664, 2011 U.S. App. LEXIS 1940 at *17 (11th Cir. Feb. 1, 2011) (reversing district court's denial of plaintiff's motion to remain anonymous in case involving claims based on defendants' taking explicit videos of plaintiffs, noting that the "issues involved in this case could not be of a more sensitive and highly personal nature"); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72 (D.R.I. 1992) (allowing use of pseudonym in dispute concerning insurer's refusal to pay for costs of sex change operation); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (allowing pseudonym in challenge to insurer's reliance on sex, marital status, and sexual orientation in process insurance applications); *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993)(allowing pseudonym in case alleging mistake in artificial insemination).

Indeed, given that the primary purpose of Plaintiff's lawsuit is to enjoin Defendant from publicizing to third parties and the world at large those very matters of utmost intimacy, Plaintiff would risk suffering the exact injury she seeks to prevent if her identity is disclosed in this proceeding. Such a result would subvert the essence of the tort of invasion of privacy by requiring a plaintiff to "go public" with the very matters that, but for the wrongful conduct of the defendant, would remain private.

Finally, the defendant will not be prejudiced or harmed in any way if Plaintiff is allowed to proceed under a pseudonym. Indeed, Defendant here knows Plaintiff's true identity and has

3

agreed to the entry of the consent decree resolving the case. So, unlike in *Wolowitz*, where the defendant claimed "he would be prejudiced… because he would be unable to issue subpoenas using Plaintiff's name," *id.* at *5, there is no such concern here.

### III. Conclusion

In sum, Plaintiff's intimate matters are at the heart of this case. Allowing entry of the proposed Consent Decree would resolve this case and preserve the intimacy of those matters without harm to the defendant, whereas requiring Plaintiff's name to become a matter of public record would create the very harm that Plaintiff has sought to prevent by this lawsuit – making her private matters public. Therefore, Plaintiff requests that the Court enter the proposed Consent Decree and further order that documents currently under seal in this case be kept under seal.

Respectfully submitted,

/s/ Marshall L. Blankenship
One of the attorneys for plaintiff, Jane Doe

Marshall L. Blankenship
James D. Adducci
ADDUCCI, DORF, LEHNER,
 MITCHELL & BLANKENSHIP, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601-7524
(312) 781-2800

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for plaintiff, certifies that on March 2, 2011 he caused a copy of the foregoing Memorandum in Support of Plaintiff's Motion for Entry of Consent Decree, to be served by e-mail and U.S. Mail, postage prepaid, on:

>Beverly Sandler
>2335 Robertson Lane
>Flossmoor, IL 60422
>bevshoes@yahoo.com

>/s/ Marshall L. Blankenship