IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 1119 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| BEVERLY SANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINNION AND ORDER**

Plaintiff, Jane Doe, has filed a Verified Complaint asserting a claim for invasion of privacy based on public disclosure of private facts under Illinois law. In summary, plaintiff, a self-described married woman, civic and church leader, became embroiled in an affair. During the course of the affair she and her partner made photographic and video recordings of an intimate sexual nature. These recordings subsequently fell into the hands of her sexual partner's "girlfriend" who has threatened to publish the video and photographic evidence of their sexual conduct in different ways, including through the Internet for all the world to see, expose her behavior to her friends and social and religious groups, and has even attempted to extort money from plaintiff, her husband and the parties' mutual sexual partner – whose identity plaintiff also seeks to protect by using the pseudonym "Richard Roe." On February 25, 2011, the Court granted an *ex parte* temporary restraining order prohibiting the defendant from distributing or causing to be distributed any photographs or video of the plaintiff in the defendant's possession.[1] At

---
[1] The Court denied plaintiff's request to restrain defendant from communicating knowledge of plaintiff's conduct to others.

that time, the Court advised plaintiff's counsel that in considering any subsequent motion for a preliminary injunction, the issue of the appropriateness of the defendant's continued use of a pseudonym, "Jane Doe," in place of her real name as well as the issue of keeping filings under seal would have to be more fully addressed. Subsequently, plaintiff's counsel moved for entry of a consent decree to be filed under seal. The proposed consent decree purports to be signed by the defendant, though the defendant has never appeared, by counsel or otherwise, and there is no indication in the record that she has been at any point in time represented by counsel in any capacity. (Pl.'s Mot. Entry Consent Decree or, Alternatively, Extension Temporary Restraining Order and Preliminary Injunction, Ex. A, Consent Decree.) Plaintiff's motion for entry of the Consent Decree, however, fails to address the issue of the continued use of a pseudonym or the appropriateness of filing the decree under seal. Because the Seventh Circuit has held that the use of a fictitious name is disfavored and has imposed upon us an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts, *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997), the Court instructed counsel to file a memorandum of law addressing the issue.

Plaintiff's memorandum begins with a quotation from *Doe v. Stegal*, 653 F.2d 180, 185 (5th Cir. 1981):

> The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical. The public right to scrutinize governmental functioning, 100 S.Ct. at 2827, is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself.

> Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.

Of course, in the instant case, the plaintiff is seeking both to proceed with the use of a pseudonym and to seal the pleadings. In addition, given the posture of this case, there will be no extensive record to establish the facts. Thus, the issues, as framed by the pleadings, would not be available to the public. And as pointed out in *Doe v. Stegal* itself, "there remains a clear and strong First Amendment interest in ensuring that '[w]hat transpires in the courtroom is public property.'" *Id.* (citing *Craig v. Harney*, 331 U.S. 367, 374 (1947)). In addition, Rules 10 and [17 of the Federal Rules of Civil Procedure](#) require that the title of an action include the names of all the parties and that every action be prosecuted in the name of the real party in interest. Thus, the Court must determine whether the plaintiff has a substantial privacy right which outweighs the strong First Amendment interest in public proceedings articulated in *Doe v. Stegal* and reflected in Rules 10 and 17 of the Federal Rules of Civil Procedure. Or put another way, whether the harm to the plaintiff which would result from public exposure of the facts exceeds the likely harm from concealment.

The need for confidentiality articulated here is, simply put, the avoidance of extreme embarrassment. Plaintiff wishes to avoid the embarrassment and the loss of standing in her community that the public disclosure of her conduct would likely cause. The cases appear to require more than that. *Doe v. Wolowitz*, No. 01-73907, 2002 WL 1310614 (E.D. Mich. May 28, 2002).

> Economic harm or mere embarrassment are [sic] not sufficient to override the strong public interest in disclosure. Cases in which parties are allowed to proceed anonymously

> because of privacy interests often involve abortion, mental
> illness, personal safety, homosexuality, transsexuality and
> illegitimate or abandoned children in welfare cases.

*Doe v. Bell Atl. Bus. Sys Ser., Inc*., 162 F.R.D. 418, 420 (D. Mass. 1995) (quotation omitted). In rejecting a plaintiff's request for anonymity, the Seventh Circuit stated: "[S]exual harassment cases are not brought anonymously even when the facts are gamier than they are here. The plaintiff is not a minor, [or] a rape or torture victim ." *Doe v. Chi.*, 360 F.3d 667, 669 (7th Cir. 2004). The same can be said of the plaintiff in this case, she is neither a minor nor a victim of any kind. She was not, for example, forced by a defendant police officer to undress and perform sex acts in his presence (*Doe v. Wright*, 82 F.3d 265 (8th Cir. 1996)), nor is plaintiff a closet homosexual, or otherwise in fear of retaliation from her employer or some figure or group which claims actual authority over her. The plaintiff has not been victimized by an illegal or unprofessional disclosure of facts or the actions of anyone who had a duty of care. *See Doe v. Wolowitz*, 2002 WL 1310614 (sexual abuse by a treating psychologist). Nor does this case involve the exposure of private medical information which might lead to retaliation/discrimination in the workplace or elsewhere.

In addition, the posture of this case is such that if plaintiff's motion to file the consent decree under seal and with anonymity is granted, the Court would be taking part in a secret proceeding, unavailable to the public, in which the defendant has never appeared either in person, or through counsel. As to the facts, the Court would be relying entirely upon the representations of the plaintiff in her sealed pleadings or as relayed by her counsel. Although the proposed consent decree appears to be signed by the defendant, there is no independent verification of any sort as to the signature nor does the

record reflect whether the defendant was represented by counsel or to what extent she understood her rights or, even the full meaning and impact upon her of the proposed consent decree which seeks permanently to limit her freedom of speech.

The Court is further troubled by the sparseness of the record. When questioned by the Court, plaintiff's counsel was unable to explain exactly how it is that the defendant came into possession of the photographs and video which plaintiff seeks to suppress - other than to say that she obtained the same from Richard Roe's computer. He was unable to inform the Court to what extent, if any, Richard Roe took pains to keep this information private or if he intentionally or negligently allowed access by others to his computer and/or how readily available the materials were within the computer. In short, although the information is of a personal nature, the Court can not be sure what attempts were made to keep it private. And, of course, to the extent the information was not private, the degree of harm plaintiff will suffer if her pleadings are made public is diminished. If plaintiff chose to entrust these photographs under circumstances which, or to a party who she could not reasonably expect would keep them secret, she can hardly now claim a right to anonymity, an extreme relief which is rarely granted.

The record does reflect, however, that when confronted by the defendant, Richard Roe admitted his affair with the plaintiff. Thus, in two separate ways – the failure to keep the photographs private and his subsequent confession - the defendant's knowledge was obtained from Richard Roe; someone the plaintiff voluntarily shared her private information with. In addition, we also know that plaintiff's husband has been advised of her affair. Thus, there are at least three persons who already have knowledge of the alleged private personal information plaintiff seeks to suppress. The Memorandum in

Support of Plaintiff's Motion for Temporary Restraining Order also reveals that defendant has already posted details about plaintiff and the photographs to her Facebook account. The record does not disclose to what extent such a posting exposes the information to the general public, but it must have been placed there for someone to view. Thus, it is clear that information regarding plaintiff's affair has already been made available to others; exactly how many others is not clear.

For the reasons given above the Court finds plaintiff has failed to establish that the harm to the plaintiff which would result from public exposure of the facts exceeds the likely harm from concealment of her identity. The motion for entry of the proposed consent decree is, therefore, denied. Plaintiff has until March 20, 2011 to determine if she wishes to amend the pleadings, including the proposed judgment to reflect her true identity (as well as the true identity of Richard Roe), or seek leave to voluntarily dismiss her complaint. Absent any action by plaintiff the Court will dismiss the cause of action without prejudice.

Dated: March 10, 2011

**SO ORDERED**         **ENTER:**

---------------------------------------------
**RONALD A. GUZMÁN**
**District Judge**